UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TODD W. HUTTON and TAMMY D. HUTTON, | § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0266-B |
| | § | |
| NATIONSTAR MORTGAGE LLC ET AL., | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND OPINION ORDER

Before the Court is Nationstar Mortgage LLC and the Bank of New York Mellon's (collectively Nationstar) motion for summary judgment. Doc. 87. For the following reasons, the Court **GRANTS** the motion.

## I.

## BACKGROUND[1]

This is a foreclosure case. In October 2004, Plaintiffs Todd and Tammy Hutton purchased a home in Forney, Texas. Doc. 88, Defs.' App., 79. The accompanying note and deed of trust require the Huttons to pay their mortgage and property taxes. *Id.* at 7–31.

The Huttons failed to pay their 2010 property taxes. *Id.* at 80. So in December 2011 and February 2013, they submitted loan-modification requests, which Nationstar denied. *Id.* at 81–89. In August 2013, the Huttons submitted their third modification request. *Id.* at 92. In January 2014,

---

[1] The Court draws its factual history from the pleadings and the summary-judgment record. Because the Huttons have not responded to Nationstar's motion for summary judgment, the facts are undisputed.

Nationstar responded by requesting more documents and informing the Huttons that they could contact a dedicated loan specialist with any questions. *Id.* at 52. That May, Nationstar denied the Huttons' third modification request because the Huttons did not provide Nationstar with all of the requested documents. *Id.* at 62.

In September 2015, Nationstar sent the Huttons notices of acceleration and foreclosure. *Id.* at 114–15, 124. In October, Nationstar informed the Huttons that they could cure their past-due balance by paying $88,359.87. Doc. 63-20, October 2015 Statement. In November 2015, the Huttons' home was sold for $252,468.21, which was $60,947.43 less than the unpaid balance of the Huttons' loan. Doc. 88, Defs.' App., 70.

In February 2016, the Huttons filed suit in state court against Nationstar, who timely removed to this Court. Doc. 1, Notice of Removal. Since then, the Court has dismissed some of the Huttons' claims. Docs. 61, 82. On April 20, 2018, Nationstar moved for summary judgment on the Huttons' remaining breach-of-contract and negligent-misrepresentation claims. Doc. 87. But instead of responding to the motion, the Huttons' attorney filed a motion to withdraw, which the Huttons opposed. Doc. 91. Counsel explained at a hearing held on May 30, 2018, that he could no longer represent the Huttons because Mr. Hutton filed a Texas Workforce Commission (TWC) complaint against him; Mr. Hutton was a lawyer at his counsel's law firm. So the Court ordered Mr. Hutton to withdraw his TWC claim against his counsel or else the Court would grant the motion to withdraw, leaving the Huttons personally responsible to respond to Nationstar's motion for summary judgment by June 11, 2018 at 5:00 PM. Doc. 94. Because Mr. Hutton did not withdraw his TWC claim against his counsel, the Court granted the motion to withdraw. Doc. 95.

The Huttons responded to Nationstar's motion for summary judgment by submitting two documents several hours after the response deadline passed. The first is what appears to be a one-page summary of the Huttons' response brief, which they say is filed contemporaneously therewith. Doc. 96. But the Huttons never submitted a response brief. The second document appears to be a table of contents for the Huttons' appendix. Doc. 97. But there is no appendix. Because these documents were submitted late and lack substance, the Court refuses to consider them. So Nationstar's motion for summary judgment is ripe for consideration.

## II.

## LEGAL STANDARD

Courts must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A motion for summary judgment cannot be granted simply because there is no opposition." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment." *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015). District courts need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992).

**III.**

**ANALYSIS**

A.   *Breach of Contract*

The Huttons assert in their complaint that Nationstar breached the deed of trust by failing to pay them the surplus proceeds from their homes' foreclosure sale. Doc. 63, Pl.'s Third Am. Compl., ¶¶ 77–83. They say a surplus exists even though their home sold for around sixty thousand dollars less than the balance of their loan because Nationstar waived its acceleration in October 2015 when it informed the Huttons they were past due $88,359.87. *Id.*; *see also* Doc. 63-20, October 2015 Statement. In other words, the Huttons claim they are entitled to $164,108.34 (the difference between $252,468.21, what their home sold for, and their past due amount) in surplus proceeds because Nationstar only foreclosed on their past due amount as of October 2015 ($88,359.87) as opposed to the balance of the loan ($313,415.54). Doc. 63, Pl.'s Third Am. Compl., ¶¶ 77–83. Nationstar contends in its motion for summary judgment that there were not any excess proceeds. Doc. 87, Defs.' Br., 11–12. According to Nationstar, the deed secures the balance of the Huttons' loan, not their past due amount, and the Huttons' home sold for less than the balance of the Huttons' loan. Doc. 87, Defs.' Br., 11–12.

The Court agrees with the Nationstar—the uncontroverted evidence indicates that Nationstar did not breach the deed by failing to give the Huttons excess proceeds because there were no excess proceeds. To prevail on a breach-of-contract claim under Texas law, a plaintiff must prove that: (1) there was a valid contract; (2) plaintiff performed his or her obligations under the contract; (3) defendant breached the contract; and (4) plaintiff suffered damages as a result of defendant's breach. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). The deed requires

foreclosure sale proceeds to be distributed in this order: "(a) to all expenses of the sale . . .; (b) to all sums secured by this Security Instrument; and (c) any excess to the persons legally entitled to it." Doc. 88, Defs.' App., 17. The "sum secured" by the Huttons' security instrument is the entire unpaid balance of the note, not the overdue balance. *Id.* at 9 ("This Security Instrument secures . . . the repayment of the Loan."). Because the home sold for $252,468.21, about sixty thousand dollars less than the balance of the loan ($313,415.54), Nationstar did not breach the deed by failing to give the Huttons excess proceeds because there were no excess proceeds. So the Court **GRANTS** Nationstar's motion for summary judgment on the Hutton's breach-of-contract claim.

B.  *Negligent Misrepresentation*

The Huttons claim in their complaint that Nationstar made a negligent misrepresentation on January 8, 2014 in a letter indicating that a loan specialist would be dedicated to working on their case and available at certain times. Doc. 63, Third Am. Compl., ¶ 91. The Huttons allege they received a notice of foreclosure on February 4, 2014 but could not get in touch with their loan specialist regarding the notice even though the January letter said the loan specialist would be available. *Id.* The Huttons discovered that the loan specialist would be out of the office until February 28, 2014, and they claim they needed to talk to her about the notice of foreclosure before then. *Id.* So they assert that Nationstar negligently represented the loan specialist's availability. *Id.* Nationstar seeks summary judgment on the Huttons' negligent-misrepresentation claim because there is no evidence that Nationstar's alleged negligent misrepresentation was made for the guidance of the Huttons in the Huttons' business, which Nationstar argues is an element of negligent misrepresentation. Doc. 87, Defs.' Br., at 24–25.

The Court agrees with Nationstar.

> Under Texas law, a claim for negligent misrepresentation consists of four elements: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation.

*Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005); *see also Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Because the first two elements indicate that negligent misrepresentation is a commercial tort, plaintiffs must show that the defendant negligently made a false representation "in the course of his business . . . for the guidance of others in their business." *Posey*, 415 F.3d at 395; *see Weakly v. East*, 900 S.W.2d 755, 759 (Tex. App.—Corpus Christi 1995, writ denied) (describing negligent misrepresentation as a "commercial tort"); *see also Sloane*, 825 S.W.2d at 443 (same). Nationstar is entitled to summary judgment because there is no evidence suggesting Nationstar sent the January 8, 2014 letter to guide the Huttons or anyone else in their business. *See Steele v. Green Tree Servicing, LLC*, No. 3:09-CV-0603-D, 2010 WL 3565415, at *8 (N.D. Tex. Sept. 7, 2010) (sua sponte granting summary judgment on claim for negligent misrepresentation because the plaintiffs did not show "that the information [the loan servicing company] supplied [was] for guidance of others in their business"); *see also Douglas v. Wells Fargo Bank, N.A.*, No. 3:17-CV-02588-B, 2018 WL 2064388, at *3 (N.D. Tex. May 2, 2018) (dismissing negligent-misrepresentation claim because the plaintiffs did not allege "Wells Fargo sent the letters to guide them or anyone else in their business"). Therefore, the Court **GRANTS** Nationstar's motion for summary judgment on the Huttons' negligent-misrepresentation claim.

## IV.

## CONCLUSION

For the reasons stated, the Court **GRANTS** Nationstar's motion for summary judgment. Doc. 87.

**SO ORDERED.**

SIGNED: July 10, 2018

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE